# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### AUGUST SESSION, 1998

FILED

October 23, 1998

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE, ) C.C.A. NO. 01C01-9706-CC-00231
 )
 Appellee, )
 )
 ) MARION COUNTY
VS. )
 ) HON. BUDDY PERRY
JOSEPH MARTIN THURMAN,) JUDGE
 )
 Appellant. ) (Direct Appeal - Premeditated First
 ) Degree Murder)

FOR THE APPELLANT:

HOWARD B. BARNWELL, JR.
829 McCallie Avenue
Chattanooga, TN  37403

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

TIMOTHY F. BEHAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243

J. MICHAEL TAYLOR
District Attorney General

STEVE STRAIN
Assistant District Attorney
Jasper, TN

ORDER FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# ORDER

The appellant, Joseph Martin Thurman, was convicted by a Marion County jury of one (1) count of premeditated first degree murder and one (1) count of arson. He was sentenced to concurrent terms of life imprisonment for murder and three (3) years for arson. On appeal, he presents several issues for this Court's review.[1] However, because the record reflects that appellant failed to timely file his motion for new trial and notice of appeal, all issues presented on appeal are waived, and this appeal is not properly before this Court. Therefore, the judgment of the trial court is affirmed pursuant to Tennessee Court of Criminal Appeals Rule 20.

## I

The jury returned a verdict in this case on October 6, 1996. Appellant was sentenced on November 26, 1996, and the judgments were entered on that date. The motion for new trial was filed on December 30, which was overruled on January 15, 1997. Appellant filed a notice of appeal on February 11, 1997.

## II

A motion for a new trial "shall be made ... within thirty days of the date the order of sentence is entered." Tenn. R. Crim. P. 33(b). This provision is mandatory, and the time for filing may not be extended. Tenn. R. Crim. P. 45(b); see State v. Martin, 940 S.W.2d 567, 569 (Tenn. 1997); State v. Dodson, 780 S.W.2d 778, 780 (Tenn. Crim. App. 1989). A motion for new trial which is untimely filed is a nullity. State v. Dodson, 780 S.W.2d at 780; State v. Davis, 748 S.W.2d at 207. Therefore, the failure to timely file a motion for new trial

---

[1] Appellant contends that (1) the trial court erred in admitting his statement into evidence because it was taken in violation of his constitutional rights; and (2) his constitutional rights were violated by the state's failure to produce autopsy photographs until the day before trial.

results in the waiver of those issues which may result in the granting of a new trial.[2] State v. Sowder, 826 S.W.2d 924, 926 (Tenn. Crim. App. 1991). Because appellant's motion for new trial was filed more than thirty (30) days after the judgments of conviction were entered, his motion was untimely.

A trial court does not have jurisdiction to hear and determine the merits of a motion for new trial which was untimely filed. State v. Martin, 940 S.W.2d at 569. The fact that a trial judge erroneously considers and rules on an untimely filed motion for new trial does not validate the motion. Id.

The jurisdiction of this Court attaches upon the timely filing of a notice of appeal. Dodson, 780 S.W.2d at 780. The notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). The time for filing a notice of appeal is tolled if a defendant timely files a (1) motion for judgment of acquittal; (2) motion for new trial; (3) motion for arrest of judgment; or (4) motion for a suspended sentence. Tenn. R. App. P. 4(c); Dodson, 780 S.W.2d at 780. However, because appellant's motion for new trial was untimely filed, the time for filing his notice of appeal was not tolled pursuant to Tenn. R. App. P. 4(c). As a result, appellant's notice of appeal was untimely filed.

The requirement of timely filing of notice of appeal can be waived in the interest of justice. Tenn. R. App. P. 4(a). However, appellant never requested that this Court waive the filing requirement in the interest of justice. Thus, this Court declines to waive the timely filing requirement for notice of appeal.

---

[2] This Court, in its discretion, may take notice of an error which affects a substantial right of the defendant where it may be necessary to do substantial justice. Tenn. R. Crim. P. 52(b).

Appellant's issues are waived by his failure to timely file a motion for new trial. Moreover, this Court declines to waive the notice of appeal requirement on its own motion. Accordingly, the judgment of the trial court is affirmed pursuant to Rule 20 of the Tennessee Court of Criminal Appeals. Costs of appeal are taxed to the State of Tennessee, as it appears appellant is indigent.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
DAVID H. WELLES, JUDGE


_____
JOHN K. BYERS, JUDGE